BRUCE W. LAIDLAW (California Bar No. 66509)
MILLER, STARR & REGALIA
A Professional Law Corporation
300 Hamilton Avenue, Third Floor
Palo Alto, California 94301
Telephone: (650) 463-7800
Facsimile: (650) 462-1010
Email: bwl@MSandR.com

Attorneys for Plaintiff and Counterdefendant, EAGLE PACIFIC INVESTORS, LLC, an Oregon limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE PACIFIC INVESTORS, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BOND MANUFACTURING CO., a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV 06-05839-SI<br><br>**STIPULATION FOR DISMISSAL OF COMPLAINT AND COUNTERCLAIMS** |

Pursuant to FRCP 41(a)(1), it is hereby stipulated by and between counsel of record for plaintiff and counterdefendant, Eagle Pacific Investors, LLC ("EPI"), and for defendant and counterclaimant, Bond Manufacturing Co. ("Bond"), that the Complaint filed by EPI on September 22, 2006, and the Counterclaims filed by Bond on May 14, 2007, are hereby dismissed with prejudice. This Stipulation For Dismissal is made pursuant to a Settlement Agreement between EPI and Bond dated June 26, 2007, for reference purposes. A copy of the Settlement Agreement is attached hereto as Exhibit A and incorporated herein by reference. EPI and Bond agree that this Court shall retain jurisdiction for purposes of enforcing the Settlement Agreement, if necessary.

| | | |
|---|---|---|
| 1 | Dated: August 9, 2007 | HORNER & SINGER, LLP |
| 2 | | |
| 3 | | By: /s/ Terence Meyerhoff |
| 4 | | TERENCE MEYERHOFF<br>Attorneys for Defendant and<br>Counterclaimant BOND |
| 5 | | MANUFACTURING CO., a California<br>corporation |
| 6 | Dated: August 8, 2007 | MILLER STARR REGALIA |
| 7 | | |
| 8 | | |
| 9 | | By: /s/ Bruce Laidlaw |
| 10 | | BRUCE W. LAIDLAW<br>Attorneys for Plaintiff and Counterdefendant,<br>EAGLE PACIFIC INVESTORS, LLC, an<br>Oregon limited liability company |

**IT IS SO ORDERED**

/s/ Susan Illston
Judge Susan Illston

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EPI\36862\705426.1 -2-

STIPULATION FOR DISMISSAL OF COMPLAINT AND COUNTERCLAIMS

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Eagle Pacific Investors, LLC ("EPI"), an Oregon limited liability company, and Bond Manufacturing Co. ("Bond"), a California corporation. EPI and Bond are sometimes referred to collectively in this Agreement as the "parties." For reference purposes, the date of this Agreement is June 26, 2007.

RECITALS

A. EPI filed a civil action against Bond on September 22, 2006, in the United States District Court for the Northern District of California entitled *Eagle Pacific Investors, LLC, an Oregon limited liability company v. Bond Manufacturing Co., a California corporation*, Case No. CV 06-05839-SI (the "Action"). The Complaint alleges a claim for relief against Bond for breach of written contract. Bond filed Counterclaims against EPI on May 14, 2007, alleging claims for relief for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent hiring, supervision and retention, and declaratory relief. Bond has denied the allegations of the Complaint. EPI has denied the allegations of the Counterclaims.

B. In order to avoid the burden and expense of continued litigation, and without admitting or acknowledging any wrongdoing or liability, EPI and Bond wish to settle the entire Action on the terms and conditions set forth below.

TERMS AND CONDITIONS

For valuable consideration, receipt of which is hereby acknowledged, EPI and Bond agree as follows:

1. **Effective Date**. This Agreement shall become effective upon receipt by counsel for both parties of a fully executed copy of this Agreement (the "Effective Date").

2. **Settlement Payment**. Bond shall pay the total sum of $175,000 to EPI in full settlement of the Action. Bond shall pay the sum of $147,000 to EPI within ten (10) business days following the Effective Date of this Agreement. Bond shall pay the remaining $28,000 to EPI by adding $1,000 to the rent payment made by Bond to EPI for each month remaining on the original term of Lease between Bond and EPI dated September 8, 1999 (the "Lease"); provided, however, that Bond shall not in any event be obligated to pay more than a total of $175,000 to EPI in settlement. If for any reason the total settlement amount paid to EPI following the last rent payment during the original term of the Lease is less than $175,000, Bond shall pay to EPI with its last rent payment of the original lease term the amount needed to bring the total settlement payment to $175,000.

3. **Dismissals**. Counsel for EPI and for Bond shall execute a Stipulation for Dismissal of Complaint and Counterclaims. The dismissals shall be with prejudice. The executed Stipulation for Dismissal shall be filed within three (3) business days following the Effective Date of this Agreement. Each party shall bear its own costs and attorneys' fees incurred in connection with the Action.

4. **Releases**.

    a. EPI hereby acknowledges full and complete satisfaction of, covenants not to sue with respect to, and releases and forever discharges Bond and its successors,

EPI:36862\705454.1

1

EXHIBIT A

assigns, directors, officers, agents, employees, shareholders, insurers and attorneys from any and all claims, demands, actions, causes of action, suits, liabilities, losses, agreements, contracts, covenants, wages, debts, costs, attorneys' fees or expenses that relate in any way to the facts and circumstances alleged in its Complaint. This release is not intended to and does not release Bond from its indemnification obligations under paragraph 6 of this Agreement.

        b. Bond hereby acknowledges full and complete satisfaction of, covenants not to sue with respect to, and releases and forever discharges EPI and its successors, assigns, members, managers, agents, employees, insurers and attorneys from any and all claims, demands, actions, causes of action, suits, liabilities, losses, agreements, contracts, covenants, wages, debts, costs, attorneys' fees or expenses that relate in any way to the facts and circumstances alleged in its Counterclaims. This release is not intended to, and does not, release any claims that Bond may have against Metal Roof Technologies, Inc., against GAF Materials Corporation, or against Bond's own insurer(s) relating to the facts and circumstances alleged in the Counterclaims.

        5. *Permits*. Bond shall proceed diligently and in good faith, and at its sole cost and expense, to obtain all required permits for any past construction or improvements by Bond within the premises that are the subject of the Lease, to obtain all required governmental approvals for such construction and improvements, and to assure that such construction and improvements meet the requirements of all applicable building codes and otherwise satisfy the requirements of paragraphs 10 and 14 of the Lease.

        6. *Indemnification*. Each party agrees to indemnify, protect, defend and hold the other harmless for, from and against any actions, proceedings or claims brought by that party contrary to the releases in paragraph 4 above. In addition, Bond agrees to indemnify, defend and hold harmless EPI for, from and against any claims or demands for contribution or indemnity asserted against EPI by Metal Roof Technologies, Inc., GAF Materials Corporation Bond's insurer(s), and/or any other person or entity in connection with any lawsuit or other proceeding initiated by Bond against one or more of those persons and/or entities seeking recovery of the property damage alleged in Bond's Counterclaims.

        7. *Defaults Under Lease*. Performance by Bond of its obligations under paragraphs 2 and 5 of this Agreement shall be deemed to cure the defaults under the Lease described in paragraphs 1 and 4 of the Notice of Default Under Lease sent by EPI to Bond on June 7, 2007.

        8. *No Assignment*. Each party represents and warrants that it has not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand, cause of action, obligation, damage or liability released in paragraph 4 above.

        9. *Waiver*. The parties waive all rights under section 1542 of the California Civil Code, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

        10. *Notices*. All notices and other communications hereunder shall be communicated to the parties in writing and shall be hand-delivered or transmitted by overnight

mail. Hand-delivered notices shall be deemed communicated when delivered. Notices sent by overnight mail shall be deemed communicated upon the earlier of: (i) the date of receipt, or (ii) two business days after mailing if mailed to the following respective addresses:

TO EPI:

Dave Nicoli, Manager
Eagle Pacific Investors, LLC
19600 S.W. Cipole Road
Tualatin, OR 97062
Telephone: (503) 612-8200

With a copy to:

Bruce W. Laidlaw, Esq.
Miller Starr Regalia
300 Hamilton Avenue, Third Floor
Palo Alto, CA 94301
Telephone: (650) 463-7800

TO BOND:

Daryl Merritt
Bond Manufacturing Co.
1666 Willow Pass Road
Bay Point, CA 94514

With a copy to:

Terence Meyerhoff, Esq.
Horner & Singer LLP
1676 N. California Blvd., Ste. 250
Walnut Creek, CA 94596
Telephone: (925) 943-6570

11. <u>Advice of Counsel</u>. In executing this Agreement, the parties acknowledge that they have consulted with and been advised by their respective attorneys and that they have executed this Agreement after independent investigation and without fraud, duress or undue influence. The parties further acknowledge and agree that they have had a reasonable period of time for deliberation before executing this Agreement.

12. <u>Future Waivers</u>. No waiver by EPI or by Bond or by their respective attorneys of any condition or term of this Agreement shall be deemed a waiver of any other condition or provision at the same or any other time.

13. <u>Modification</u>. This Agreement may be modified only in a writing signed by EPI and Bond.

14. <u>Authority</u>. EPI and Bond each represent and warrant that the person signing this Agreement on their respective behalves has full power, authority and capacity to make the commitments contained in this Agreement.

15. <u>No Admission of Liability</u>. The parties to this Agreement agree that the claims relating to the Action are disputed and that this Agreement shall not be construed as an admission of wrongdoing or liability by any party.

16. <u>No Representations</u>. Each party to this Agreement acknowledges that it is fully aware of the significance and legal effect of this Agreement, including its release provisions, and is not entering into this Agreement in reliance on any representation, promise, or statement made by any party, except those explicitly contained in this Agreement. This Agreement is an integrated contract.

17. **Mistake.** Each of the parties to this Agreement has investigated the facts pertaining to the Action and to this Agreement to the extent each party deems necessary. In entering into this Agreement, each party assumes the risk of mistake with respect to such facts. This Agreement is intended to be final and binding upon the parties regardless of any claim of mistake.

18. **Severability.** The provisions of this Agreement are contractual, and not mere recitals, and shall be considered severable, so that if any provision or part of this Agreement shall at any time be held invalid, that provision or part thereof shall remain in force and effect to the extent allowed by law, and all other provisions of this Agreement shall remain in full force and effect, and enforceable.

19. **Applicable Law.** This Agreement shall be governed by, and interpreted under, the laws of the State of California.

20. **Construction.** This Agreement has been reviewed by EPI and Bond, and by their respective attorneys, and EPI and Bond have had a full opportunity to negotiate the contents of this Agreement. EPI and Bond expressly waive any common law or statutory rule of construction that ambiguity should be construed against the drafter of this Agreement.

21. **Survival of Provisions.** All promises, covenants, releases, representations and warranties contained in this Agreement shall survive the execution and delivery of this Agreement and the consummation of the transactions contemplated herein.

22. **Attorneys' Fees.** In the event of litigation arising out of this Agreement, the prevailing party shall be entitled to recover its costs, expenses and reasonable attorneys' fees in addition to any other relief to which it may be entitled.

23. **Execution.** This Agreement may be executed in counterpart, and all executed copies are duplicate originals, equally admissible in evidence. Facsimile signatures shall have the same validity, force and effect as original signatures.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the dates set forth below.

Date: 8/7/2007

EAGLE PACIFIC INVESTORS, LLC
By: [signature]
Its: President

Date: 7/24/2007

BOND MANUFACTURING CO.
By: [signature]
Its: President

EPI\36862\705454.1

4